# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BRENDA BISSELL and <br> ROBERT CLARK <br><br>   Plaintiffs, <br> v. <br><br> Advanced Aquatic Technology Associates, Inc. <br> a/k/a   AATA International Inc.  and <br><br> John G. Aronson, President/Employer <br>  in his individual  and corporate <br>  capacities, <br><br>   Defendants. | )<br>)<br>) Civil Action  No.<br>)<br>)<br>)<br>) FLSA and State law wage claim<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## COMPLAINT

---

Plaintiffs BRENDA BISSELL ("Bissell") and ROBERT CLARK ("Clark"), collectively the "Plaintiffs" on behalf of themselves, individually, through undersigned counsel R. William Rowe, Esq. and RoweLaw, LLC make the  following allegations in support of this Complaint, brought pursuant to the federal the Fair Labor Standards Act ("FLSA"), 29  U.S.C. §  201,  *et seq.*; Internal Revenue Code, 26 U.S.C. § 7434; the Colorado Constitution, Art. XVIII, § 15; the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101, *et seq.*; and Colorado contract law.

**<u>BACKGROUND AND FACTUAL ALLEGATIONS FOR ALL CLAIMS</u>**

1.      Plaintiffs are both former workers of Advanced Aquatic Technology Associates, Inc., also known as AATA International Inc. ("AATA") within the past six years who satisfy the definition of employees under the Internal Revenue Service ("IRS"), the Fair Labor Standards Act ("FLSA"), and Colorado Wage and Hour Law.

2.      AATA is owned and operated by Defendant John G. Aronson ("Aronson") (AATA and Aronson collectively, "Defendants") in Larimer County Colorado.

3.      Bissell and Clark have worked for AATA as employees but have not been paid their wages, including the federal minimum wage, or have only been partially paid for a period of years.

4.      Rather than pay its employees as and when due, AATA, under the direction of Aronson, has prioritized the payment of Aronson's personal debts and expenses and paid those debts and expenses to the detriment of and instead of paying its employees.

5.      Bissell's employment with AATA terminated on or about November 13, 2019.

6.      Inclusive of vested and determinable vacation and PTO pay, but <u>not</u> including penalty(ies), liquidated damages, interest, attorney fees and other similar items to which Bissell is or may be entitled, AATA and Aronson owe to Bissell the approximate sum of **$83,616.97**.

7.      Clark's employment with AATA was constructively terminated by Clark on or about January 3, 2020 when he tendered his wage demand to AATA, addressed infra.

8.      Inclusive of vested and determinable vacation and PTO pay, but <u>not</u> including penalty(ies), liquidated damages, interest, attorney fees and other similar items to

which Clark is or may be entitled, AATA and Aronson owe to Clark the approximate sum of **$51,383.04.**

9.       AATA is an interstate and international environmental and social consultancy specializing in management, permitting, and technical services for natural resource development projects worldwide. Clients include mining, oil and gas, utility, and other industrial companies of all sizes including Fortune 500; global financial institutions; local, state, and federal government agencies, engineering companies and EPC contractors; as well as other entities in the USA and around the world.  AATA is a Colorado corporation that operates out of facilities in Ft. Collins, Colorado in Larimer County, Colorado.

10.       Defendants willfully and fraudulently refuse to pay wages due to their employees, refusing to pay employees at all while waiting out applicable statutes of imitation or creating fraudulent and false "loans" to employees in lieu of wages to evade responsibilities and obligations of employers under federal and state law.

11.       Under 29 U.S.C. § 203(e) and (g), 26 U.S.C. § 3121(d), Colo. Rev. Stat. § 8-4-101(5), and accompanying federal and state guidelines, regulations, and opinions, Plaintiffs are employees and therefore are entitled to the protections provided to employees under the FLSA, Internal Revenue Code, Colorado Constitution, and Colorado Wage Act.

12.       Plaintiffs have been deprived of benefits including but not limited to social security payments, worker's compensation insurance, and eligibility for unemployment because of Defendants' willful and fraudulent misclassification and/or misreporting of wages due and employee status.

13.       By failing to pay Plaintiffs and by creating fraudulent loans to its

employees in lieu of paying and properly reporting wages, Defendants fail to pay legally required employment taxes to both the United States and the state of Colorado and therefore have defrauded both the federal and state government.

14.     Plaintiffs are entitled to minimum wage under the FLSA. Colorado employees who are covered by the minimum wage provisions of the FLSA are also entitled to the relevant Colorado State minimum wage for each year. Art. XVIII, § 15, of the Colorado Constitution.

15.     Defendants improperly and regularly fail to pay employees, including Plaintiffs, timely and where and how required by law.  Upon information and belief Defendants have failed to pay required withholding and required employer contributions to Medicare, Social Security as well as state and federal unemployment.

16.     Defendants consistently and purposefully failed to properly pay Plaintiffs the  federal minimum wage and/or the relevant Colorado minimum wage.

17.     Upon information and belief, Defendants also keep improper and inaccurate records, failing, *inter alia*, to meet FLSA requirements for keeping information such as workers' social security numbers, hours worked each day, and hours worked each workweek.

18.     Individually named Defendant Aronson is jointly and severally liable to Plaintiffs for any and all remedies, damages, and/or other relief sought in this  Complaint including because Defendant Aronson established, approved, and/or implemented the wrongful compensation policies and/or practices imposed on Plaintiffs. He is personally liable to Plaintiffs under the FLSA as an employer and/or joint employer, under the Colorado Wage Claim Act, and under the Internal Revenue Code because he had a duty to

4

account for, collect, and pay employment taxes for Plaintiffs and he willfully, voluntarily, consciously, and /or intentionally failed to do so.

19.     The corporate veil of AATA must be pierced and Aronson held jointly and severally and personally liable under Colorado state law because:

a.   AATA is merely an alter ego of Aronson, who uses AATA as an instrumentality to transact his own fraudulent and unlawful affairs;

b.   AATA is merely an alter ego of Aronson who uses AATA as personal slush fund to pay his personal expenses and utilizes the financial resources of AATA to his personal benefit, including for the payment of his personal expenses and debts and including the payment of personal credit card expenses, including without limitation hundreds of dollars in alcohol per month and athletic gear, while failing and refusing to pay his and its employees as required by law.;

c.   Aronson has expressed his intention to simply close the company (AATA) rather than pay his employees as required by law and has, upon information and belief, now done so while creating a "new company" undertaking the same business and continuing the same operations;

d.   Justice requires recognizing the substance of the relationship between Aronson and AATA over the nominal corporate form because Aronson is using the corporate fiction to perpetrate a fraud and/or defeat a rightful claim; and

e.   Piercing the corporate veil will achieve an equitable result.

20.     AATA's principal office address in its Articles of Organization is 748 Whalers Way, Suite 110, Fort Collins, CO 80525.

21.     Aronson is the sole operating officer and director of AATA.

22.     Defendants have improperly, uniformly, and willfully applied policies of failing to pay wages at all, including the federal or and state minimum wage as required under state and federal law.

23.     Defendants have been unjustly enriched by their willful and fraudulent policies.

## PARTIES

24.     Plaintiffs Bissell and Clark are residents of the State of Colorado and worked for ATTA during the last three years. They are both over the age of 18 years.

25.     Defendant AATA is a Colorado corporation with a principal office address of 748 Whalers Way, Suite 110 Fort Collins, Colorado 80525.

26.     Defendant Aronson is the owner and operator of AATA and is a resident of Colorado over the age of 18 years with an address of 800 Shore Pine Court Fort Collins, CO 80525.

## JURISDICTION

27.     AATA is subject to the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and (s)(1), or its employees are covered by the FLSA because their work regularly involves them in commerce between states and are engaged in commerce or in the production of goods for commerce.

28.     This Court has original jurisdiction to hear this Complaint and adjudicate the stated claims under 28 U.S.C. §§ 1331, 1340, and 2201. This action is being brought

under the FLSA, Internal Revenue Code, Colorado Constitution, Colorado Wage Act, and Colorado contract law.

29.     This Court has supplemental jurisdiction over the Colorado state law claims in this Complaint under 28 U.S.C. § 1367. Those state claims derive from the same common core of operative facts as the federal claims.

30.     The Court has personal jurisdiction over Defendants because they do business within the state of Colorado.

31.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' principal business address is in Ft. Collins, Colorado, and all of the events giving rise to all Plaintiffs' claims have occurred and presently are occurring in this district.

32.     Plaintiffs bring this action on behalf of themselves and all other similarly situated AATA drivers to obtain declaratory and injunctive relief and recover unpaid wages, benefits, and taxes; liquidated damages; penalties; attorney's fees and costs; pre- and post-judgment interest; and any other remedies to which they may be entitled based on AATA's violation of the Internal Revenue Code, FLSA, Colorado Constitution, Colorado Wage Act, and Colorado contract law.

## CLAIMS

**First Claim for Relief**
**(FLSA Failure to pay federal minimum wage and overtime)**

33.     The Plaintiffs, by this reference, incorporate the allegations set out in the foregoing paragraphs of this Complaint as if they were set out fully here.

34.     All Plaintiffs' work activities for AATA are and have been as employees

under the FLSA.

35.     As employees covered by the FLSA, Plaintiffs are entitled to at least the federal minimum wage for every hour worked.

36.     As employees covered by the FLSA, Plaintiffs are also entitled to overtime pay for hours worked in excess of 40 in a workweek of at least one and one-half times their regular rates of pay.

37.     Defendants, however, have entirely failed to pay the Plaintiffs for every hour worked and Plaintiffs, among their other claims, are entitled to back pay and overtime under the FLSA.

38.     Defendants improperly and regularly fail to pay employees generally, and the Plaintiffs specifically, their wages due and either eschew any payment at all or engineer fraudulent "loans" to partially pay Plaintiffs in a way that conceals the wages Defendants are obligated to pay and fraudulently facilitates Defendants' noncompliance with employer obligations under the law, including without limitation worker's compensation, unemployment, Social Security, Medicare and appropriate tax withholding.

39.     Defendants have also failed to pay overtime as required and as provided by law.

40.     Due to false loans and failure to pay, Defendants frequently and willfully, knowingly, and/or recklessly failed to properly pay Plaintiffs the federal minimum wage and overtime pay. Because Defendants' actions were willful, Plaintiffs are entitled to a three-year statute of limitations for their FLSA claims.

41.     Upon information and belief Defendants have also been advised by one or more accountants that their actions are improper, illegal, and/or unsustainable and have needed to be

remediated immediately,  Defendants have purposefully ignored and acted contrary to that professional advice which has also rendered Defendants' actions willful, entitling Plaintiffs to a three-year statute of limitations for their FLSA  and state law claims.

42.      Upon information and belief, Defendants also keep improper and inaccurate records, failing to meet FLSA requirements for keeping information such as workers' social security numbers, hours worked each day, and hours worked each workweek.

43.      Defendant Aronson is personally liable to Plaintiffs under the FLSA as an employer and/or joint employer, along with AATA, for one or more of the following reasons:

a.      Defendant Aronson had ultimate control over the Company's day- to-day business operations;

b.      Defendant Aronson had control over the nature and structure of the employment relationship between AATA and Plaintiffs;

c.      Defendant Aronson actively participated in the creation and/or implementation of the unlawful employment policies and/or practices that led to the violations of federal and state law alleged in this Complaint.

44.      Defendants' willful violation of the FLSA has deprived Plaintiffs of the minimum federal hourly wage and overtime pay in an amount to be determined at trial. Plaintiffs are entitled to the recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorney's fees, costs, and other compensation and legal remedies, and additionally, such declaratory and injunctive or other equitable relief, as the law allows.

**Second Claim for Relief**
**(Filing a fraudulent information return under the Internal Revenue Code)**

45.    The Plaintiffs, by this reference, incorporate the allegations set out in the foregoing paragraphs of this Complaint as if they were set out fully here

46.    By misclassifying Plaintiffs or falsely reporting their wages, including failing to property and accurately report wages obfuscated as loans, Defendants willfully filed fraudulent information returns under 26 U.S.C. § 7434 with respect to payments purported to be made to Plaintiffs.

47.    Plaintiffs seek $5,000 for each improper filing per year, or, if greater, their actual damages, including but not limited to loss of benefits such as social security, worker's compensation, and unemployment payments; costs of this action; and attorney's fees.

48.    Defendants were unjustly enriched by fraudulently avoiding legally required tax payments and employer payments including but not limited to social security payments, on behalf of Plaintiffs.

49.    Defendant Aronson is personally liable under the Internal Revenue Code because he had a duty to account for, collect, and pay employment taxes for Plaintiffs and he willfully, voluntarily, consciously, and intentionally failed to do so.

50.    Defendant AATA's failure to correctly report information to the IRS and pay legally required taxes was also voluntary, conscious, and intentional and therefore willful and fraudulent.

**Third Claim for Relief**
(State law claim for damages due to failure to pay minimum wage, unjust enrichment and theft)

51.     The Plaintiffs, by this reference, incorporate the allegations set out in the foregoing paragraphs of this Complaint as if they were set out fully here

52.     Plaintiffs also bring this Claim for Relief under the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101 et seq., Colo. Rev. Stat. §§ 8-4-101(5) and (14)(a) and 8-4-103; for unjust enrichment under Colorado contract law; and, for theft pursuant to § 8-4-114.

53.     Plaintiffs are covered by the minimum wage provisions of the FLSA. As such, under the Colorado Constitution, they are entitled to all relevant Colorado minimum wage amounts for every hour worked.

54.     Plaintiffs were frequently and regularly paid less than the relevant Colorado minimum wage because of Defendants' failure to pay the wages for hours worked by their employees and by fraudulently disguising employees' wages as "loans."

55.     Defendants willfully deprived Plaintiffs of protections due to them under Colorado law, including workers' compensation and unemployment eligibility.

56.     At all relevant times, Plaintiffs are and were entitled to the rights, benefits and protections provided under the Colorado Wage Act because they were employees performing labor or services for the benefit of AATA.  Colo. Rev. Stat. § 8-4-101(5).

57.     AATA is subject to the wage and compensation pay requirements of the Colorado Wage Act because it is a corporation that employs persons in Colorado. Colo. Rev. Stat. § 8-4-101(6).

58.     Both Plaintiffs individually made a demand for payment to Defendant AATA, as required by Colorado law within 60 days of termination of employment and

more than fourteen days before the filing of this lawsuit, each individually on January 3, 2020.

Each plaintiff made a demand on behalf of herself and all similarly situated employees.

59.	Defendants responded to Bissell through counsel on January 10, 2020 and did not offer any calculation of or payment for the wages owed to Bissell, though Defendants did finally tender the severance payment which had been agreed to in November, 2019.[1]  Again, Defendants did not pay or offer to pay any portion of the wages due.

60.	Defendants made no response at all to Clark's demand and offered no payment for the wages owed to Clark.

61.	Plaintiffs are entitled to be paid for their work and for all wages due to them from Defendants, including for overtime and all amounts vested and determinable.

62.	Because Defendants' actions are willful, Plaintiffs are entitled to a three-year statute of limitations for their claims under the Colorado Wage Act.

63.	Pursuant to C.R.S. § 8-4-114, Defendants have committed theft as provided for in Colo. Rev. Stat. § 18-4-401, and Plaintiffs are additionally entitled to the relief and provisions for recovery found in Colo. Rev. Stat. § 18-4-405, including without limitation three times the amount of the actual damages sustained, costs of this action and reasonable attorney fees.

64.	Defendants were also unjustly enriched by their failure to pay the Plaintiffs, which money the Defendants used for their own purposes, including without limitation to pay Aronson's personal debts and expenses, and to keep AATA's payables

---

[1] Notably, the payment was not sent priority mail or sent on January 10,2020 contrary to Defendants' counsel's written representations,

current.

65.     Defendants benefited from their actions, including the willful refusal to pay wages as and where due, misclassification and fraudulent concealment of Plaintiff's wages, including as "loans", at Plaintiffs' expense.  The benefit was appreciated by Defendants, and it would be inequitable for Defendants to retain the benefit without paying damages to Plaintiffs.

66.     Plaintiffs are entitled to a six-year statute of limitations for their unjust enrichment claims because they are debts for a determinable amount of money.

67.     Defendant Aronson is personally liable to Plaintiffs under the FLSA and the Colorado Wage Act as an employer and/or joint employer, along with AATA, for one or more of the following reasons:

    a.     Defendant Aronson had ultimate control over the Company's day- to-day business operations;

    b.     Defendant Aronson had control over the nature and structure of the employment relationship between AATA and Plaintiffs;

    c.     Defendant Aronson actively participated in the creation and/or implementation of the unlawful employment policies and/or practices that led to the violations of federal and state law alleged in this Complaint.

68.     Plaintiffs were harmed by Defendants' violation of the Colorado Constitution, Colorado Wage Act, and unjust enrichment including because they were denied eligibility for unemployment pay and worker's compensation to which they should have been entitled; were denied proper pay for every hour worked; and had their wages

and earnings improperly reported to Social Security.

69.     Plaintiffs have suffered damages under the Colorado Constitution, Colorado Wage Act, and state contract law in an amount to be determined at trial and are entitled to the recovery of such amounts, liquidated damages, penalties, pre- and post-judgment interest, their reasonable attorneys' fees, costs, and such other compensation and legal remedies and declaratory and injunctive or other equitable relief, as the law allows.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for the following relief:

A.     That the Court pierce the corporate veil of AATA and hold both AATA and Aronson jointly and several liable for Plaintiffs' claims and for damages to Plaintiffs.

B.     That the Plaintiffs be awarded their back pay and vested and determinable vacation and PTO time under the FLSA and Colorado State law as follows:

   1.     For Brenda Bissell **$80,452.31**.

   **2.     For Robert Clark $51,383.04.**

C.     For Defendants' willful failure to pay wages under the FLSA, liquidated damages in an amount equal to the wages that were not paid for each Plaintiff as follows:

   1.     For Brenda Bissell **$80,452.31**.

   **2.     For Robert Clark $51,383.04.**

D.    For Defendants' wage theft under Colorado state law as provided for in C.R.S. § 8-4-114 and C.R.S. § 8-4-114, three times the amount of the theft for each Plaintiff as follows:

    1.    For Brenda Bissell **$241,356.93.**

    2.    For Robert Clark **$154,149.12.**

E.    For such penalties as the Plaintiffs are entitled to recover under the Colorado Wage Act.

F.    For unjust enrichment under Colorado contract law in an amount equal to the wages that were not paid for each Plaintiff as follows:

    1.    For Brenda Bissell **$83,616.97**

    **2.**    For Robert Clark **$51,383.04.**

G.    For the costs of bringing this action and reasonable attorney fees as provided for by law, including without limitation under 29 U.S.C. §216(b), C.R.S. §8-4-110, and C.R.S. §18-4-405.

H.    That Plaintiffs be awarded damages for the up to six years preceding the filing of this Complaint in the amount of their unpaid compensation, damages for Defendants' filing of false information returns, plus liquidated and penalty damages.

I.    That the Court issue such injunctive and/or declaratory or other equitable relief to which the Plaintiffs may be entitled, so that the unlawful behavior of the Defendants may be stopped.

J.    That the Plaintiffs be awarded such other legal and/or equitable relief as is

permitted by law.


Respectfully submitted, this 19th day of March, 2020.


/s/ R. William Rowe
R. William Rowe, Esq. CO Reg. #28813
RoweLaw, LLC
2000 South Colorado Boulevard
Building 1, Suite 2000-16
Denver, CO 80222
(303) 770-6775
will@rowe-colaw.com
Attorneys for Plaintiff



Plaintiffs' addresses:

Brenda Bissell
6887 Pumpkin Ridge Dr.
Windsor, CO  80550

Robert Clark
7427 Village Road
Parker, CO 80134